Requestor: James J. Kelleher, Esq., Town Attorney Town of West Seneca 1250 Union Road West West Seneca, New York 14224
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked whether a person may serve simultaneously as executive director of a town youth board and as a member of the town drug abuse prevention council.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interests created by the simultaneous holding of the two positions. In such a situation, the conflict is avoided by declining to participate in the disposition of the matter.
You have indicated that the youth bureau is responsible for planning and executing a comprehensive program for the protection and betterment of youth in accordance with standards established by the State of New York Youth Board. The drug abuse prevention council is an advisory board which oversees the peer counseling program, an educational program in the schools to prevent drug abuse; coordinates efforts in the community to prevent drug abuse; provides training for volunteers to assist persons with drug dependency; and provides training for parents in the prevention of drug abuse.
We see no incompatibility between these two positions. One is not subordinate to the other nor are the duties in conflict. Any decisions regarding the allocation of funds to the two entities is made by the town board and presents no conflict for this individual.
We conclude that the positions of executive director of the town youth board and member of the drug abuse prevention council are compatible.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of the views of this office.